**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Guadalupe Ramirez, | No. CV-05-3197-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Jo Anne Barnhart, Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court are Plaintiff's motion for summary judgment and Defendant's cross-motion for summary judgment. Docs. ##16, 22. The parties have filed responses to the motions. Docs. ##21, 25. For the reasons set forth below, the Court will deny Plaintiff's motion and grant Defendant's cross-motion.

**I.    Background.**

Plaintiff applied for disability insurance benefits and supplemental security income on May 15, 2003, claiming an inability to work due to pain in her back and left leg. Doc. #15, Tr. 71-73, 82, 247. The applications were denied initially and on reconsideration. Tr. 29-30. A hearing before an Administrative Law Judge ("ALJ") was held on May 3, 2005. Tr. 261-79. The ALJ issued a written decision on June 27, 2005, finding that Plaintiff was not disabled within the meaning of the Social Security Act. Tr. 19-25. This decision

1 became Defendant's final decision when the Appeals Council denied review on
2 September 16, 2005. Tr. 7-9. Plaintiff then commenced this action for judicial review
3 pursuant to 42 U.S.C. § 405(g). Doc. #1.

4 **II.   Standard of Review.**

5   Defendant's decision to deny benefits will be vacated "only if it is not supported by
6 substantial evidence or is based on legal error." *Magallanes v. Bowen*, 881 F.2d 747, 750
7 (9th Cir. 1989); *see* 42 U.S.C. § 405(g).   Substantial evidence is more than a mere scintilla,
8 but less than a preponderance. *See Reddick v. Charter*, 157 F.3d 715, 720 (9th Cir. 1998).
9 Put another way, substantial evidence is relevant evidence that, when considered in light of
10 the entire record, a reasonable person might accept as adequate to support the decision. *See*
11 *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).   In determining
12 whether the decision is supported by substantial evidence, the Court must consider the record
13 as a whole, weighing both the evidence that supports the decision and the evidence that
14 detracts from it. *See Reddick*, 157 F.3d at 720.

15 **III.   Analysis.**

16   The ALJ found that Plaintiff had the following severe impairments:  multilevel
17 degenerative disc disease, spondylosis deformans, and face arthrosis of the lumbar spine.
18 Tr. 21, 24 ¶ 3.   The ALJ determined, however, that these impairments were not severe
19 enough to meet or equal a listed impairment. Tr. 21, 24 ¶ 4.  The ALJ further determined that
20 the objective medical evidence showed that Plaintiff had periodic episodes of low back pain
21 and lower extremity pain that was relieved with medication and injections. Tr. 22. The ALJ
22 concluded that Plaintiff's impairments did not significantly limit her ability to function and
23 that Plaintiff was able to perform some medium work, including her past work as an
24 assembler and hand sander.  Tr. 22, 25 ¶¶ 6-8.

25   Plaintiff argues that the ALJ erred by improperly rejecting the opinions of a physical
26 therapist and a treating physician. Doc. #18 at 2-5. Defendant argues that the ALJ's decision
27 is supported by substantial evidence and that he did not err in rejecting the treating source
28 opinions.  Doc. #24 at 5-7.

1          A treating physician's opinion generally must be afforded more weight than an
2   examining physician's conflicting opinion and may be rejected only for "'specific, legitimate
3   reasons' supported by substantial evidence in the record[.]" *Lester v. Chater*, 81 F.3d 821,
4   830 (9th Cir. 1996) (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)); *see*
5   *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003); 20 C.F.R. §§ 404.1527(d),
6   416.927(d). "The ALJ can 'meet this burden by setting out a detailed and thorough summary
7   of the facts and conflicting clinical evidence, stating his interpretation thereof, and making
8   findings.'" *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (quoting *Magallanes v.*
9   *Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).
10         In this case, Dr. Malcolm McPhee examined Plaintiff on September 22, 2003.
11  Tr. 172-78. Dr. McPhee found that Plaintiff was able to sit, stand, and walk for six hours in
12  an eight-hour workday, occasionally climb, stoop, kneel, crouch, and crawl, and lift 25
13  pounds frequently and 50 pounds occasionally. Tr. 177-78. These limitations are
14  significantly less restrictive than those found by Plaintiff's physical therapist, Mary Kay
15  Bisso, and treating physician, Michael Castillo.
16         Ms. Bisso stated in a letter dated August 9, 2004 that Plaintiff could stand for fifteen
17  minutes and walk for one hour at a time, could carry only five pounds occasionally, could
18  look up and down only occasionally due to neck pain, and was unable to tolerate continuous
19  motion on her right side for more than five minutes. Tr. 222. Ms. Bisso opined that with
20  these functional limitations Plaintiff would be able to do, at most, only sedentary work. Tr.
21  222. Ms. Bisso doubted whether Plaintiff could do even sedentary work due to a sitting
22  limitation and Plaintiff's inability to speak English fluently. Tr. 222.
23         Dr. Castillo completed a medical assessment of Plaintiff's ability to do work-related
24  activities on August 20, 2004. Tr. 230-32. Dr. Castillo opined that Plaintiff could sit for four
25  hours, stand for three hours, and walk for two hours in an eight-hour work day, could bend
26  and reach only occasionally, could carry only five pounds occasionally, and was unable to
27  use her right hand for any continuous action. Tr. 230-31. Dr. Castillo further opined that
28  Plaintiff's pain and medication precluded her from working functionally. Tr. 232.

1       The ALJ gave little weight to the opinions of Ms. Bisso and Dr. Castillo on the ground
2 that the extreme limitations they described were not supported by the relevant medical
3 evidence.  Tr. 22.  The ALJ agreed with Dr. McPhee's opinion that Plaintiff's impairments
4 did not significantly limit her ability to do work-related activities.  Tr. 22-23; *see* Tr. 177-78.
5 Based in part on Dr. McPhee's opinion, the ALJ concluded that the medical evidence failed
6 to show that Plaintiff had "an impairment or combination of impairments that caused
7 limitations in her ability to function sufficient enough to prevent all substantial gainful
8 activity for 12 consecutive months."  Tr. 23.

9       The ALJ did not err in rejecting the opinions of Ms. Bisso and Dr. Castillo because
10 he gave specific and legitimate reasons for doing so and those reasons are supported by
11 substantial evidence in his factual findings.  Tr. 21-23; *see Lester*, 81 F.3d at 830;
12 *Magallanes*, 881 F.2d at 750 ("The ALJ is responsible for determining credibility and
13 resolving conflicts in medical testimony."); *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir.
14 1992) ("When there is conflicting medical evidence, the [ALJ] must determine credibility
15 and resolve the conflict.").  Plaintiff's treatment records show that as of July 20, 2004,
16 Plaintiff had no leg pain and her back was improved except for muscular tone, which could
17 be improved with physical therapy.  Tr. 22 (citing Tr. 212).  Plaintiff's neck pain was not
18 supported by any clinical evidence such x-rays or MRI results, and Plaintiff had no medically
19 established condition that would impair upper extremity functioning.  Tr. 22; *see* Tr. 212,
20 222.  The lack of treatment notes or other medical evidence to support the extreme limitations
21 described by Ms. Bisso and Dr. Castillo is a legitimate reason for the ALJ to reject their
22 opinions.  *See Connett*, 340 F.3d at 875 ("We hold that the ALJ properly found that Dr.
23 Magsarili's extensive conclusions regarding Connett's limitations are not supported by his
24 own treatment notes.  Nowhere do his notes indicate reasons why Connett would be limited
25 to standing for only ten minutes or lifting only ten pounds, nor do they indicate that Dr.
26 Magsarili ever recommended such limitations to Connett.  The ALJ properly rejected this
27 testimony in favor of the conflicting testimony of other examining physicians."); *Tonapetyan*
28 *v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) ("The ALJ gave sufficient reasons, supported

1   by substantial evidence in the present record, for rejecting the opinion of Dr. Gevorkian, . . .
2   who opined that [Tonapetyan] could not perform even sedentary work on a sustained basis.
3   The ALJ rejected Dr. Gevorkian's opinion because it was unsupported by rationale or
4   treatment notes, and offered no objective medical findings to support the existence of
5   Tonapetyan's alleged conditions.").[1]

6   Moreover, Dr. McPhee's opinion is based on his examination of Plaintiff and is
7   supported by independent clinical findings. Tr. 172-78. This opinion constitutes substantial
8   evidence supporting the ALJ's decision to reject the opinions of Ms. Bisso and Dr. Castillo.
9   *See Thomas*, 278 F.3d at 957 ("Although the treating physician's opinion is given deference,
10  the ALJ may reject the opinion of a treating physician in favor of a conflicting opinion of an
11  examining physician . . . . The opinions of non-treating or non-examining physicians may
12  also serve as substantial evidence when the opinions are consistent with independent clinical
13  findings or other evidence in the record."); *cf. Morgan*, 169 F.3d at 600 ("Opinions of a
14  nonexamining, testifying medical advisor may serve as substantial evidence when they are
15  supported by other evidence in the record and are consistent with it."); *Magallanes*, 881 F.2d
16  at 752 ("[T]he reports of consultive physicians . . . may serve as substantial evidence.").

17  Because the decision to deny Plaintiff's application for disability insurance benefits
18  and supplemental security income is supported by substantial evidence and is not based on
19  legal error, the Court will affirm the decision. *See* 42 U.S.C. § 405(g); *Hammock v. Bowen*,
20  879 F.2d 498, 501 (9th Cir. 1989) ("We affirm a denial of benefits when the Secretary's
21  decision is supported by substantial evidence and is free from legal error.").

22  **IT IS ORDERED:**

23  1.   Plaintiff's motion for summary judgment (Doc. #16) is **denied**.

24  2.   Defendant's cross-motion for summary judgment (Doc. #22) is **granted**.

---

[1] *Cf.* 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion.").

1     3.    Defendant's administrative decision denying benefits is **affirmed**.

2     4.    The Clerk shall **terminate** this action.

DATED this 17th day of July, 2006.

_____
David G. Campbell
United States District Judge